**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHUCK SEAMAN, individually and as personal representative of Frieda Theresa Seaman, deceased, and MARK SEAMAN, JR., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> E.I. DuPONT de NEMOURS & CO.; et al., <br><br> Defendants-Appellees. | No.  16-35090 <br><br> D.C No. 2:91-CV-3015-WFN <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of Washington
Wm. Fremming Nielsen, District Judge, Presiding

Submitted December 8, 2017[**]
Seattle, Washington

Before:  TALLMAN and WATFORD, Circuit Judges, and BENITEZ,[***] District Judge.

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]  The Honorable Roger T. Benitez, United States District Judge for the Southern District of California, sitting by designation.

On February 19, 1988, Chuck Seaman (individually and as Personal Representative for his deceased mother, Frieda Seaman) and his brother, Mark Seaman, (collectively, the "Seamans"), filed a wrongful death lawsuit as part of the Hanford Nuclear Reservation litigation.[1]  On January 28, 2016, the district court dismissed the Seamans case for lack of prosecution.  We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

In 1991, all Hanford-related cases were consolidated in a multi-district litigation ("MDL") in the E.D. of Washington.  From 1992 through 2002, the Seamans were an integral party in the MDL process.  After our 2002 reversal of summary judgment against the plaintiffs, *Hanford I*, 292 F.3d at 1124, an able district judge actively managed the multiple lawsuits and various bellwether cases went to trial.  We affirmed in part, and reversed and remanded in part those rulings.  *In re Hanford Nuclear Reservation Litig*., 534 F.3d 986, 1009 (9th Cir. 2008) (*Hanford II*).  The Seamans, however, effectively went silent until unsuccessfully trying to settle again in 2011.

Over the course of the most recent decade, the district court (1) conducted

---

[1] The Hanford litigation involved residents near the Hanford nuclear facility (which enriched Plutonium for the atomic bomb during World War II), who filed state law tort claims against plutonium producers, alleging that radioiodine (I–131) emissions caused cancers and other life-threatening diseases. *See In re Hanford Nuclear Reservation Litig.*, 292 F.3d 1124, 1127–29 (9th Cir. 2002) (*Hanford I*).

trials, (2) created additional trial tracks, (3) selected plaintiffs for trials, (4) set discovery and motion deadlines, (5) held over fifty status conferences, (6) ordered all plaintiffs (including pro se ones) to enter their information into a master list, (7) dismissed noncompliant plaintiffs, and (8) warned the parties that failure to comply with court ordered deadlines "likely will lead to involuntary dismissal with prejudice." The Seamans did not respond, comply with any of the court's orders, or even appear at one of the status conferences until the final settlement conference on October 14, 2015. The district court then issued an order to show cause why the Seamans' case should not be dismissed, to which the Seamans' counsel responded. In its subsequent order, the district court assessed whether there was "unreasonable delay" and balanced the five factors outlined in *Al-Torki v. Kaempen*, 78 F.3d 1381, 1384 (9th Cir. 1996), ultimately dismissing the Seaman's case with prejudice.

An order dismissing a case for failure to prosecute is reviewed for abuse of discretion. "[W]e will overturn a dismissal sanction only if we have a definite and firm conviction that it was clearly outside the acceptable range of sanctions." *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

On appeal, the Seamans assert the district court erred because (1) they didn't receive notice that dismissal was imminent based on Local Rule 41.1(b),

(2) there was no unreasonable delay, and (3) the court improperly balanced the factors laid out in *Al-Torki*. First, the Seamans had notice of all court proceedings, and despite their assertion that lead counsel's email was changed by the court, another co-counsel of record had no interruption of notices during that time. Furthermore, the Seamans were warned of the ramifications of failing to provide certain information and given adequate notice of the court's intent to dismiss the case when it filed a show cause order. Second, the Seamans offer no non-frivolous arguments as to why they did not respond to any of the court's orders or further prosecute the case for a number of years. Last, balancing the factors outlined in *Al-Torki*,[2] the district court correctly dismissed the case. Not only did the litigation drag on for over 25 years, costing the public in excess of $57 million, but the Seamans' failure to participate until after the final settlement agreement reasonableness hearing greatly prejudiced the Appellees. Accordingly, we hold the district court did not abuse its discretion in dismissing the Seamans' case. *Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962).

Costs are awarded to Appellees.

**AFFIRMED.**

---

[2] The factors include "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions. There must also be a showing of unreasonable delay." *Al-Torki*, 78 F.3d at 1384.